IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIAN LEE                                                      PLAINTIFF

                    v.                Civil No. 4:14-cv-04022

HEATH ROSS                                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Brian Lee filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 24, 2014 ECF No. 1.  Now before the Court is Plaintiff's Motion to Dismiss.  ECF No. 4.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

## I.      BACKGROUND

Plaintiff originally filed the document that is filed in this case as his Complaint as a Motion to Amend in another case he has in this Court.  *See Lee v. Ross*, Civil No. 4:13-cv-04125.  After review of the Motion to Amend in the separate case, the Court denied Plaintiff's Motion to Amend in the separate case but directed the Clerk to file the Motion to Amend as a new Complaint and open this case.  ECF No. 2.

In this same Order, Plaintiff was directed to submit a completed *in forma pauperis* ("IFP") application and an amended complaint by February 7, 2014.  The Court also advised Plaintiff that failure to comply with this Order would result in the dismissal of this case.

1

Rather than submit the IFP application and amended complaint, Plaintiff filed a document with the Clerk filed as a Motion to Dismiss.  In this document, Plaintiff wrote:  "I "Brian E. Lee" Wish to withdraw my claim (case # 4:14-CV-04022) Due to the fact i don't believe that the court is or has taken me serious. . . ." ECF No. 4 (errors in original).  Even though this document was filed on the docket as a Motion to Dismiss, the Court finds it is more properly construed as a Notice of Voluntary Dismissal.  *See Ventura-Vera v. Dewitt,* 417 F. App'x 591, 591-92 (8th Cir. 2011) (the court liberally construed a *pro se* plaintiff's motion to dismiss as a notice of dismissal without prejudice)

## II.    APPLICABLE LAW

The Federal Rules of Civil Procedure provide an avenue for parties to voluntarily dismiss claims without prejudice.  Specifically, a Plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ."  Fed. R. Civ. P. 41(a)(i).   Voluntary dismissal under Rule 41(a)(1) is without prejudice unless the notice states otherwise or the plaintiff has previously dismissed an action including the same claim in any other court.  *Id.*   In ordinary civil cases, a notice of dismissal that complies with this rule operates as a matter of right upon notice to the court, and permission of the court is not required.  *Safeguard Business Sys., Inc. v. Hoeffel,* 907 F.2d 861, 863 (8th Cir.1990).

## III.    DISCUSSION

Here, the Court opened this case and filed Plaintiff's Motion to Amend as a new Complaint because the claims he asserted in the Motion to Amend could not be added to the separate case in which he originally intended to add them.  Given Plaintiff's Notice of Dismissal filed on January 28, 2014, it is clear that Plaintiff does not wish to pursue these claims in this separate case.  The

Defendant in this matter has not been served, therefore, there are no answers or motions for summary judgment on the docket.  Plaintiff may voluntarily dismiss this action at this stage as a matter of right.  *Safeguard,* 907 F.2d at 863.  Accordingly, I recommend Plaintiff's Complaint be dismissed without prejudice pursuant his Notice of Dismissal and Federal Rule of Civil Procedure 41(a)(i).

## IV.    CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 14(a)(i).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 7th day of April 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

3